UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MENADA, INC.,

      Plaintiff,

v.

THE HARTFORD STEAM BOILER
INSPECTION AND INSURANCE
COMPANY,

      Defendant.

Case No.:

## PETITION FOR REMOVAL

Defendant, THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY ("HSB"), a Connecticut corporation with its principal place of business in Hartford Connecticut, by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the action filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, which is styled as *Menada, Inc. v. The Hartford Steam Boiler Inspection and Insurance Company, Inc.*, with Case No. 2017-012633-CA-23, and in support thereof states as follows:

## STATE COURT ACTION

1.      This is a civil action brought by the above-referenced Plaintiff for breach of insurance contract, breach of implied covenant of good faith an fair dealing, unjust enrichment, statutory bad faith, fraud in the inducement, negligent misrepresentation and fraudulent misrepresentation, arising out of a dispute regarding an insurance policy issued to the Plaintiff by HSB.

Case No.:

2.     The aforementioned lawsuit has been filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Miami-Dade County is within the Southern District of Florida.

3.     Pursuant to 28 U.S.C. § 1446(a), a true and correct "copy of all process, pleadings, and orders served upon" HSB are attached hereto as **Composite Exhibit "A"**.

4.     The present action was filed by the Plaintiff against HSB on or about May 25, 2017. The summons and complaint were served on HSB on June 5, 2017.

5.     This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and is subject to removal pursuant to 28 U.S.C. § 1441(b). This civil action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.     According to Plaintiff's Complaint, the Plaintiff believes that HSB failed and/or refused to settle the subject claim when it could and should have done so, and HSB further failed and/or refused to provide Menada with all the insurance benefits due and owing under the Policy. *See* Complaint at ¶¶ 44 and 45, attached hereto as **Composite Exhibit "A"**.

7.     In support of its claims, Menada attached its January 26, 2017 Civil Remedy Notice, which is attached as Exhibit B to Menada's Complaint. Therein, Menada provided a line-item breakdown of its alleged incurred expenses, which are the crux of the issues in this suit. Menada alleges entitlement to a total of **$291,991.06**, after accounting for its $10,000 deductible.

8.     In addition to these alleged damages, the Plaintiff alleges entitlement to attorneys fees and costs pursuant to Florida Statute § 624.155(4). When a statutory cause of action entitles a party to recover reasonable attorneys' fees, the amount in controversy also includes

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

consideration of the amount of those fees. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).

## DIVERSITY OF CITIZENSHIP

9.      At all times relevant hereto, Plaintiff is and was a Florida corporation with its principal place of business located in Miami-Dade County, Florida. Plaintiff is and was a citizen of Florida.

10.      At all times relevant hereto, Defendant, HSB, is and was a Connecticut corporation with its principal place of business located in Hartford, Connecticut. HSB is and was a citizen of Connecticut.

11.      Accordingly, there is complete diversity between Plaintiff and Defendant, and this action may be removed to this Court by HSB, and this Court possesses removal jurisdiction of this action under the provisions of 28 U.S.C. § 1441. This Court has original jurisdiction of this action under the provisions of 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

12.      28 U.S.C. § 1332 states that the district courts shall have original jurisdiction in all civil actions where, *inter alia*, the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

13.      The present lawsuit involves a dispute as to whether HSB properly interpreted its policy as it applies to Plaintiff's claim. The Plaintiff is seeking insurance proceeds for property damage and attorneys' fees pursuant to Florida Statute §624.155. The subject HSB insurance policy provides Equipment Breakdown Insurance Coverage, subject to the terms and provision of the subject policy. A true and accurate copy of the HSB policy is attached hereto as **Exhibit "B"**.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

14.     Plaintiff alleges that HSB is obligated to provide insurance proceeds and money damages to Plaintiff under the subject insurance policy. As stated above, the Plaintiff's detailed and line-item CRN alleges entitlement to **$291,991.06**. *See* CRN attached hereto as **Exhibit "C"**. Plaintiff has also alleged that it is entitled to attorneys' fees from HSB pursuant to Fla. Stat. § 624.155(4). *See* Complaint attached as part of **Composite Exhibit "A"**.

15.     Plaintiff claims it is entitled to the aforementioned insurance benefits under the subject policy, and attorneys' fees under the aforementioned statute, and therefore commenced the state court action in an attempt to recover same.

16.     Section 624.155(4) of the Florida Statutes, provides, in relevant part:

> Upon adverse adjudication at trial or upon appeal, the authorized insurer shall be liable for damages, together with court costs and reasonable attorney's fees incurred by the plaintiff.

17.     As discussed in the following incorporated Memorandum of Law, when a statute authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy.

18.     Even without the inclusion of reasonable attorneys' fees, which HSB contends should be included, the Plaintiff's claim against HSB, alone, satisfies the amount in controversy as it clearly exceeds $75,000.00, exclusive of interest and costs.

## **TIMELY FILED**

19.     Defendant has filed this Petition for Removal within 30 days of being served with the Plaintiff's Complaint, which gave the basis for the removal. *See* 28 U.S.C. § 1446(b).

20.     In accordance with 28 U.S.C. § 1446(c), Defendant filed the instant Petition for Removal within one year from the date that the Complaint was filed and served.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

Case No.:

21.     Pursuant to 28 U.S.C. § 1446(d), Defendant will give prompt notice upon filing of the Petition for Removal to all parties of record and to the Clerk of the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.

## VENUE

22.     Defendant seeks to remove to the United States District Court for the Southern District of Florida. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division thereof includes the place where the removed action has been pending.

## MEMORANDUM OF LAW

Pursuant to the provisions of 28 U.S.C. § 1332(a)(1):

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. . .

28 U.S.C. § 1441 reads, in relevant part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

> (b)(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State where such action is brought.

Where the amount in controversy is not specified in the complaint, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Roe v. Michelin N. Am.*, Inc., 613 F.3d 1058, 1062 (11th Cir. 2010). To establish federal diversity jurisdiction, a removing defendant may rely upon the factual representations of the plaintiff. See *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d

- 5 -

Case No.:

1309, 1314-15 (11th Cir. 2002). When the jurisdictional amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (*citing McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) (noting that if the amount in controversy is not facially apparent from the complaint, the removing party "may admit their own affidavits, declarations, or other documentation" to establish that removal is proper).

Here, the Plaintiff's complaint, on its face, establishes that the amount in controversy has been met. Although the body of the complaint merely alleges that "this is an action for damages in excess of $15,000.00" (the threshold amount for circuit court jurisdiction), Exhibit B to the complaint is the aforementioned CRN. An exhibit to a complaint is part of that complaint for all purposes, and will support a claim for diversity jurisdiction. *See Pretka*, 608 F.3d at 748 (wherein the court looked to contracts attached as exhibits to the complaint to establish amount in controversy requirement was met); *see also Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1212 n.3 (D. Colo. 2007) ("Pursuant to both Fed. R. Civ. P. 10(c) and [Colorado Rule of Civil Procedure] 10(c), 'an exhibit to a pleading' is considered to be part of that pleading 'for all purposes.' Thus, exhibits which are attached to a complaint or notice of removal should be treated as allegations for purposes of determining the amount in controversy.").[1] As indicated previously, the CRN provides a demand supported by line-item expenses of over $300,000 (before applying the deductible) allegedly incurred by the Plaintiff. Thus, because the plaintiff's

---

[1] Colorado Rule of Civil Procedure 10(c) is substantially identical to Fla. R. Civ. P. 1.130(b), which states that "any exhibit attached to a pleading shall be considered a part thereof for all purposes."

- 6 -

complaint alleges on its face an amount in controversy exceeding this Court's jurisdictional minimum, removal is appropriate.

Further, "when a statute authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352-53 (M.D. Fla. 2008); *Leslie v. Conseco Life Ins. Co.*, No. 11-81035-CIV-MARRA, 2012 WL 4049965, at *3 (S.D. Fla. Sept. 13, 2012); *Wilson v. Time Ins. Co.*, No. 2:06-cv-147-FtM-99SPC, 2006 WL 2092259 (M.D. Fla. July 26, 2006); *Kneebusch v. Mut. of Omaha Ins. Co.*, No. 8:06-CV-1976-T-17TBM, 2007 WL 1174121 (M.D. Fla. Apr. 18, 2007). Accordingly, because Fla. Stat. § 624.155(4), which the Plaintiff cites in its Complaint against Defendant HSB, authorizes the recovery of attorneys' fees, a reasonable amount of those fees can and should be included in the amount in controversy.

Accordingly, taking into account all elements of damages the Plaintiff seeks in its Complaint, including reasonable attorneys fees, pursuant to Fla. Stat. § 624.155(4) against Defendant HSB, the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs, and this court has jurisdiction to hear this case.

## CONCLUSION

This action meets all the requirements for removal from the State Court to Federal Court. This is an action between citizens of different states; HSB is not and never was a citizen of Florida; the matter in controversy is in excess of this Court's jurisdictional amount of $75,000, exclusive of interests and costs; and Defendant's instant Petition for Removal is being filed timely.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

Case No.:

WHEREFORE, Defendant, The Hartford Steam Boiler Inspection and Insurance Company hereby petitions this Court for removal of this action to the United States District Court for the Southern District of Florida, and requests that such removal be hereby effectuated.

Respectfully submitted,

/s/ Rory Eric Jurman
Rory Eric Jurman
Fla. Bar No. 194646
Email: rjurman@fowler-white.com

Jesse D. Drawas
Fla. Bar No. 68654
Email: jdrawas@fowler-white.com

Aaron M. Dmiszewicki
Fla. Bar No. 111455
Email: admiszewicki@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone:   (954) 377-8100
Facsimile:    (954) 377-8101

4843-7336-2505, v. 1